LILLIAN E. MARTIN *vs.* ARTHUR WEEKS.

APRIL 24, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for a trial brought under general laws 1938, chapter 535, §4, by a defendant who within a year was defaulted in an unanswered action of trespass and ejectment in the district court of the seventh judicial district. It appears from the petition that after such default, entry of judgment and issuance of execution, defendant filed in the district court a motion to remove the default. This motion was authorized by G. L. 1938, chap. 535, §2, and was based upon the ground that because of accident, mistake or unforeseen cause defendant did not know, until the service upon him of the execution, that a writ of trespass and ejectment had ever been issued against him and, therefore, he had failed to answer and defend the action.

A hearing on this motion was held before the justice of the district court, in which the deputy sheriff who served the writ of trespass and ejectment testified that he made due and legal service of the writ by posting a copy thereof on the outside of the defendant's tenement. Defendant conceded that this was legal service and thereupon the justice of the

district court denied the motion for removal on the ground of lack of jurisdiction. No appeal was taken from such decision nor was any application made to this court for *certiorari* to review it, in order to determine the question of whether the district court had jurisdiction to grant relief. The action of the court on such a motion is reviewable for error of law. *Roy* v. *Tanguay,* 131 A. (R. I.) 553. Apparently defendant was content to abide by that decision in the belief that he could resort to this court and obtain by petition, under G. L. 1938, chap. 535, §4, the relief that he claimed he was entitled to.

The relief applied for by the motion in the district court and by the instant petition in this court is the same. Either court, upon a proper showing, has undoubted jurisdiction to grant such relief. However, during the first six months after the entry of judgment by default such jurisdiction is concurrent, and the invoking of the jurisdiction of one court precludes a later resort to the other. *Feldman* v. *Silva,* 54 R. I. 202; *Moore* v. *Stillman,* 28 R. I. 470. It has been held by those cases, and others which they follow, that where the jurisdiction of the trial court is first invoked its decision is conclusive and this court cannot entertain a petition for similar relief.

Petitioner here concedes that such is the settled law of those cases; but he argues that it applies only where the trial court has decided the motion for relief on the merits and not, as here, where the decision was based on lack of jurisdiction. He cites no authority for this contention. Nevertheless we have given it careful consideration. We are mindful of the fact that the purpose of §§2 and 4 was to make doubly sure, as it were, that no defendant should, without good cause, be deprived of his day in court. Not one but two avenues were left open to him whereby he could proceed to obtain a trial, if, through no fault of his own, no trial had been had. But we are also mindful of the fact that this court very early made it plain that the party seeking relief must make his election as to which court he would apply for such relief, and

that having made his election he was foreclosed from having a further application for the same relief considered in any other court.

In the instant case it cannot be successfully denied that the petitioner adopted precisely that course. Having elected to apply for relief in the district court, it was incumbent upon him to see to it that a decision on the merits of that application be obtained either in that court, in the first instance, or elsewhere by review, if that court erroneously declined to consider his application on the merits. That he did not do so, but instead mistakenly abided by the district court's decision against him, thinking he could turn to this court for the same relief, causes an unfortunate situation which we see no way, in accordance with law, to remedy.

We may say, however, that from the facts contained in the petition and from what was further said in oral argument concerning the circumstances surrounding petitioner's default, it would seem that the only reason which he could have advanced in support of his petition was that a copy of the writ of trespass and ejectment had not come to his personal attention. This, without any *prima facie* evidence of facts tending to show a defense on the merits to the action, would not be sufficient to support a petition for a trial under §4.

The petition for a trial is denied and dismissed.

*James E. Brothers, James E. Flannery,* for plaintiff.
*Irving Brodsky,* for defendant.